383 P.2d 191

**Robert R. STEWARD, Petitioner,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Melvyn T. Shelley, Judge, Respondent.**

**No. 7986.**

Supreme Court of Arizona,

En Banc.

July 3, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and John J. Flynn, Phoenix, for petitioner.

Charles N. Ronan, Maricopa County Atty., by Felix Gordon and Benjamin A. Salt, Deputy County Attys., Phoenix, for respondent.

UDALL, Vice Chief Justice.

This is an application for a writ of prohibition directed to an order of the trial judge that petitioner, defendant in a criminal action, be required to submit to a mental examination before trial.

The petitioner filed a plea of not guilty by reason of having been insane at the time of the alleged commission of the offense involved. After the plea but before trial the state moved for a compulsory mental examination of petitioner pursuant to Section 44-1702 of the 1939 Code of Arizona. The trial judge granted the motion in the following order:

"Let the record show that the motion of the State is granted, and the court hereby orders that the defendant be examined by a psychiatrist or psychiatrists for the purpose of determining whether or not the defendant at the time of the alleged commission of the acts charged in counts Three and Four of the indictment knew the difference between right and wrong, and was able to understand and appreciate the nature and quality of his acts. The time and place for the examination of the psychiatrists to perform the same will be determined and added by further order this day. Said examination will be at the earliest possible time."

The subsequent order set the date and appointed the psychiatrists. It also noted that petitioner objected to the examination.

Thus, the trial judge ordered the defendant to submit to a compulsory mental examination by the state so that the state might have the benefit of the results of that examination to discredit the defendant's defense of not guilty by reason of insanity. The state argues correctly that such a procedure was authorized by Section 44–1702 of the Code of 1939.

In 1956 the Arizona Statutes were revised and Section 44–1702 was omitted. Section 1–102 A.R.S. (1956) specifically provided that all laws and statutes of a general nature were repealed.[1] As a result Section 44–1702 was repealed and is no longer part of the statutes of Arizona. Nor has any rule of criminal procedure been adopted to take its place.

The question, then, is whether the trial court has *inherent* power to compel the defendant to submit to a compulsory mental examination. We are of the opinion a trial judge has no such inherent power.

Even where a mental examination is contemplated by statute it has been held that the defendant cannot be compelled to submit to it. As was said in People v. Strong, 114 Cal.App. 522, 300 P. 84, 87:

"We fail to see any merit in the contention that under section 1027 a defendant is compelled to be a witness against himself. Nothing in the section compels him to submit to an examination. If he does so the action is purely voluntary. To assert his constitutional rights all that is required is for him to stand mute, and possibly, also, to refuse to permit the examination, when the appointed expert undertakes to proceed; and whether he does so or not there is no compulsion."

We are of the opinion that the order of the trial court went too far in compelling defendant to submit to the examination.

Peremptory writ of prohibition granted.

1. The provisions of Section 1–104 A.R.S. are not relevant here.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concurring.