**UNITED STATES of America ex rel. William A. WAX, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, etc., Respondent-Appellee.**

No. 16675.

United States Court of Appeals Seventh Circuit.

March 31, 1969.

Charles A. Bellows, Jason E. Bellows, Sherman C. Magidson, Chicago, Ill., for petitioner-appellant.

William G. Clark, Atty. Gen., Robert F. Nix, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee; John J. O'Toole, Asst. Atty. Gen., of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KNOCH, Senior Circuit Judge.

This appeal was taken from denial of writ of habeas corpus in the United States District Court, 298 F.Supp. 164. The Appellate Court of Illinois, 4th Judicial District affirmed the conviction of Petitioner, William A. Wax, for murder in People v. Wax, 75 Ill.App.2d 163, 220 N.E.2d 600. The Illinois Supreme Court denied leave to appeal, and the United States Supreme Court denied certiorari, 1967, 387 U.S. 930, 87 S.Ct. 2051, 18 L. Ed.2d 991.

Petitioner asserts that he was denied his right to counsel at a critical stage of the prosecution when he was examined by a psychiatrist prior to trial while in custody of the County Jail, without notice to his counsel and in his counsel's absence, by a psychiatrist who later testified for the State that petitioner was sane.

At the trial petitioner's sanity defense was contradicted by the testimony of six lay witnesses and two psychiatrists. The testimony of one, Dr. Gurse, was based on a hypothetical question. The other, Dr. Smith, was asked a hypothetical question too, but also evaluated the testimony of the entire trial and his meeting with the petitioner prior to trial.

The petitioner had been examined by his own psychiatrist, and Dr. Smith was asked to see him by the State's attorney. Although Dr. Smith told the petitioner he was a doctor making an examination at the request of the State's attorney, petitioner merely looked at Dr. Smith when the latter asked his name and age. He nodded his head when asked whether he had served in the armed forces. After

20 minutes of silence, petitioner asked for his attorney. When petitioner's attorney arrived, Dr. Smith told him he wished to examine petitioner with his permission only. The examination did not continue.

Petitioner himself made some use of this attempted examination, when on cross-examination, counsel asked Dr. Smith whether petitioner's behavior at that interview was not abnormal. Petitioner asserts that once this testimony was elicited, his counsel had no recourse but to test it on cross-examination and that he was in no way vouching for the credibility of the evidence as secured.

Petitioner distinguishes between the right to the presence of counsel which is denied, for example, to a grand jury witness, and the assistance of counsel. He asserts that counsel while not present at a psychiatric examination might well arrange in advance for conduct of such an examination in a proper manner under appropriate conditions. Petitioner points to the procedure suggested in State v. Whitlow, 45 N.J. 3, 25–26, 210 A.2d 763, 775, as an example.

No objection was made to Dr. Smith's testimony on the ground now offered: that petitioner was denied assistance of counsel. There was no motion to strike the testimony. Nor did petitioner's own retained counsel raise this question in motion for new trial or arrest of judgment. Petitioner points out that the issue was raised on appeal and is not raised here for the first time.

■ We agree with the view expressed in the District Judge's carefully reasoned opinion that a psychiatric examination requested by the prosecution and conducted by a physician designated by the prosecution who may testify at the trial on the issue of insanity does not constitute a "critical" stage of the proceedings constitutionally requiring notice and presence of counsel, such as was involved in the line-up in United States v. Wade, 1966, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, or the arraignment in

Hamilton v. Alabama, 1961, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114.

■ It is not necessary for counsel to be present, but we believe it is the better practice to give notice to counsel. Absent a showing of actual prejudice which is missing here, we conclude that failure to give notice did not render the trial constitutionally defective.

The decision of the District Court is affirmed.