**UNITED STATES of America**

v.

**Heidi Ann FLETCHER.**

**Magistrate Docket No. 14707–71.**

**Grand Jury No. 885–71.**

United States District Court, District of Columbia.

Aug. 2, 1971.

Thomas J. Flannery, U. S. Atty. for District of Columbia, Earl J. Silbert, Asst. U. S. Atty., for plaintiff.

Vincent J. Fuller, Francis X. Grossi, Jr., David N. Povich, Williams, Connolly & Califano, Washington, D. C., for defendant.

## OPINION

SIRICA, Chief Judge.

This matter is before the Court on defendant Fletcher's motion seeking an order permitting defendant's counsel and psychiatrist to attend a mental examination staff conference. The staff conference is to be conducted in the course of a mental examination which defendant is now undergoing at Saint Elizabeths Hospital. Reasoning by analogy to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and relying upon dicta in Thornton v. Corcoran, 132 U.S.App.D.C. 232, 407 F.2d 695 (1969), defendant urges that the presence of her counsel and psychiatrist is necessary, and indeed required, to protect her Fifth Amendment right against self-incrimination, and her Sixth Amendment right to counsel at a critical stage of the prosecution.

In *Thornton*, petitioner, held on a charge of rape, requested the district judge to order the hospital to permit his counsel and an independent psychiatrist to attend the staff conference; this was denied without explanation. Petitioner then sought a writ of mandamus; this also was denied. Denial was based upon petitioner's failure to satisfy the burden of "showing that its right to issuance of the writ is 'clear and indisputable'." 407 F.2d at 698. Petitioner's failure to satisfy the burden was primarily due to

the lack of any trial record developed in the district court. The Court said "to the extent that the inchoate record in this case precludes the requisite findings of fact, mandamus is an inappropriate remedy." 407 F.2d at 698.

In dicta, the Court discussed the various issues raised by petitioner regarding the staff conference—protections of the Fifth and Sixth Amendments. Recognizing petitioner's claim "that the logic of Wade v. United States should apply to his staff conference at Saint Elizabeths Hospital is therefore anything but frivolous," the Court nevertheless did not decide that the defendant was entitled to counsel at the staff conference. 407 F. 2d at 702. Indeed, without the aid of a full factual record the Court was reluctant to assume any definite posture on this issue. As the Court said:

> Even could we conclude the petitioner is constitutionally entitled to further protection of his rights at the staff conference, we cannot be certain that the presence of counsel is the appropriate remedy. It may be that alternative devices such as recording some or all parts of the staff conference may satisfy the Constitution at less cost to the effectiveness of the staff conference. The broad range of the alternatives to be considered can better be evaluated with the aid of a full factual record in a post-trial proceeding. 407 F.2d at 702.

It is significant to point out that the Court implicitly recognized that the presence of counsel would, to some extent, compromise the effectiveness of the staff conference.

In dissent, the then associate Judge Burger pointed to the majority's "aversion to decide admittedly novel and important legal issues." 407 F.2d at 705. Addressing himself to the Court's discussion of the Fifth and Sixth Amendments and their applicability to psychiatric examinations, Judge Burger said that "such discussion is plainly dicta and in no sense authoritative." 407 F. 2d at 705. He vigorously disagreed with any suggestion that the Fifth Amend-

ment may require the presence of counsel at pretrial psychiatric examination and staff conferences. Rejecting the analogy to Wade and the "critical prosecutive stage" argument, Judge Burger noted that the Supreme Court, in Hannah v. Larche, 363 U.S. 420, 440, 80 S. Ct. 1502, 4 L.Ed.2d 1307 (1960), said "the requirements of due process frequently vary with the type of proceeding involved," and had concluded that the right to confrontation did not apply to investigations conducted by the Civil Rights Commission. Judge Burger continued:

> as in Hannah, the Medical Staff Conference here:
>
> > is purely investigative and fact-finding. It does not adjudicate. It does not hold trials or determine anyone's civil or criminal liability. It does not issue orders. Nor does it indict, punish, or impose any legal sanctions. It does not make determinations depriving anyone of his life, liberty, or property. In short * * * (it) does not and cannot take any affirmative action which will affect an individual's legal rights. The only purpose of its existence is to find facts * * *.
>
> There is no legal basis for equating a Medical Staff Conference to a "confrontation" either in the traditional sense or within the meaning of Wade-Gilbert. 407 F.2d at 711.

In United States v. Marcey, 440 F.2d 281 (D.C.Cir., 1971), petitioner appealed his conviction of manslaughter. Three Saint Elizabeths staff psychiatrists testified for the Government. They had participated in the pretrial psychiatric staff conference for which appellant's attorney was neither notified nor present. Citing Wade and Thornton, appellant unsuccessfully argued that the staff conference violated (1) his Fifth Amendment privilege against self-incrimination and (2) his Sixth Amendment right to counsel. The Court, after careful scrutiny of a "voluminous record" found that no incriminating statements made at the conference

"crept" into his trial, and that counsel encountered no substantial trouble in examining witnesses or in reconstructing events which counsel's presence could have avoided. No prejudice was found and the Court did not reach the Constitutional issues tendered by appellant.

It appears then that the above issues raised by defendant, simply have not been decided in this circuit. However, as Government counsel points out, in United States v. Albright, 388 F.2d 719 (1968), the Fourth Circuit has addressed itself to the issue. Citing with approval State v. Whitlow, 45 N.J. 3, 210 A.2d 763 (1965), which held that "a defendant has no federal or state constitutional right to have his attorney present during a psychiatric examination conducted at the instance of the prosecutor," that Court underscored the intimate and personal nature of the examination, saying that "the presence of a third party, in a legal and non-medical capacity, would severely limit the efficacy of the examination, * * *." 388 F.2d at 726. That Court found no error in the denial of permission to defendant's counsel to be present during the mental examination. In further support of its position the Court also cited Timmons v. Peyton, 240 F.Supp. 749 (E.D.Va.1965). Although reversing *Timmons* on other grounds, the Court quoted the district court which said:

> State mental institutions to which persons accused of crime are frequently sent for the purpose of determining mental competency, both at the time of trial and as of the date of the alleged offense cannot be thwarted in their efforts to accomplish the purpose of intelligent examinations by the presence of attorneys. 240 F.Supp. 753.

It is significant that no Court has followed the dicta in *Thornton* when deciding whether an accused has a right to the presence of his counsel at a pretrial mental examination. Indeed, in United States v. Baird, 414 F.2d 700 (1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970), the Second Circuit, citing Judge Burger's dissenting opinion in *Thornton* and the holding in *Whitlow, supra,* held that the mental examination was not the kind of "critical stage" in the proceedings at which counsel was needed. 414 F.2d at 711. And in United States v. Smith, 436 F.2d 787 (1971), the Fifth Circuit following *Albright,* also held there was no right to counsel, as the psychiatric examination is not an adversary proceeding. Again, in United States ex rel. Wax v. Pate, 409 F.2d 498 (1969), we find the Seventh Circuit agreeing with the district judge's "carefully reasoned opinion" which rejected the "critical stage" argument of *Wade* and the assertion that the presence of counsel at a psychiatric examination is constitutionally required. 409 F.2d at 499.

As to the presence of defendant's own psychiatrist, there is ample authority in this circuit to guide us with sufficient certainty. In Proctor v. Harris, 134 U.S.App.D.C. 109, 413 F.2d 383 (1969), Judge Burger rejecting a request similar to the one made here, saw no basis "for assuming that one court-designated expert needs the surveillance of another psychiatrist who is thrust into what would be essentially a partisan role." 413 F.2d at 387. This Court agrees with Judge Burger.

In conclusion then, all of the above discussed case law reveals strong and well founded concern for the climate in which an accused undergoes psychiatric evaluation. All of the cases recognize that the presence of an attorney, during a psychiatric examination, will to some extent disturb that all important and delicate climate. The majority of cases conclude that an attorney should not be present during the psychiatric examination or the staff conference, and this Court agrees.

For the foregoing reasons, defendant's motion for an order permitting its counsel and an independent psychiatrist to attend the mental examination staff conference is denied.

Counsel for the government will submit an appropriate order.