**UNITED STATES of America ex rel. William A. WAX, Petitioner-Appellant,**

v.

**John J. TWOMEY, Warden Illinois State Penitentiary, Respondent-Appellee.**

No. 71-1769.

United States Court of Appeals, Seventh Circuit.

Argued May 26, 1972.

Decided July 5, 1972.

13.   See especially Rettig v. Zander, 364 Ill. 112, 120–121, 4 N.E.2d 30 (1936).

William L. Soards, Frank E. Spencer, Indianapolis, Ind., for petitioner-appellant.

William J. Scott, Atty. Gen., Joel M. Flaum and Jayne A. Carr, Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before Mr. Justice CLARK *, CASTLE, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CLARK, Associate Justice:

This is the second appeal that has been perfected from successive dismissals by the United States District Court of petitions for habeas corpus filed by Wax, who was convicted of murdering his wife's lover in 1965. This case, however, raises entirely different issues, one of which has not yet been decided by the state courts.[1]

In his first federal court application Wax raised the sole issue that his counsel was not present during a 20-minute period of observation by a state psychiatrist after indictment. It was dismissed with a written opinion upon a careful review of the trial record. United States ex rel. Wax v. Pate, 298 F.Supp. 164 (N.D.Ill.1967) Wax then filed this petition in 1971 and it was dismissed by the District Court without opinion. He now presents three issues: The recent decision of Schantz v. Eyman, 418 F.2d 11 (9 Cir. 1969) conflicts with this Circuit's decision in his case (409 F.2d 498) on the point of deprivation of counsel; that the State court records reviewed by the district court on his first petition (298 F.Supp. 164) were not made available to him nor opportunity given to present oral argument as well as additional evidence; and (3) that the instant petition was dismissed "without affording petitioner an evidentiary hearing with opportunity to secure and to present evidence of suppression of evidence by the state." We find no merit in any of the contentions and, therefore, affirm the judgment of dismissal.

■ (1) We find no conflict between the opinion of this court on the first petition for habeas corpus, 409 F.2d 498, and the Ninth Circuit opinion in *Shantz, supra.* Indeed, the latter opinion takes pains to distinguish the two cases; rather than a conflict, the cases are based upon the identical legal test but the factual differences present led the Ninth Circuit to find, on the peculiar facts there, that substantial prejudice resulted. Here no prejudice was alleged nor could any be shown.

■ (2) As to the claim that the State court records were not made available to Wax, we find no request or refusal to permit an examination of the records reviewed by the United States District Judge. They are, we feel certain, available to counsel.

■ As far back as Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), the Supreme Court has held consistently that an evidentiary hearing is required only when the facts are in dispute and a full and fair evidentiary hearing has not been provided either at the time of trial or in postconviction proceedings. Townsend v. Sain, 372 U. S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The standard expressed by sev-

---

* Associate Justice Tom C. Clark, United States Supreme Court, retired, is sitting by designation.

1. The new allegation concerns the alleged suppression of psychiatric reports by the state at Wax's trial. The issue had not been raised on his appeal. See People v. Wax, 75 Ill.App.2d 163, 220 N.E.2d 600, cert. denied, 387 U.S. 930, 87 S.Ct. 2051, 18 L.Ed.2d 991 (1967).

eral of the circuits is that a hearing— evidentiary or otherwise—is not required where the State has given fair consideration to the issues and the evidence, even though the facts are in dispute, and the reviewing judge is satisfied with the conclusion reached in the State courts. McCoy v. Tucker, 259 F. 2d 714, 716 (4 Cir. 1958); United States ex rel. Worlow v. Pate, 437 F.2d 909, 911 (7 Cir. 1971). Our examination of the records on the appeals that Wax has brought here convinces us beyond question that no evidentiary hearing or oral argument was necessary in this case. The issue that appellant presses now is whether his trial counsel was effective. The record speaks out clearly that he was both diligent and effective. As the District Court found:

"More specifically, petitioner alleged that his counsel failed to make pretrial, trial and post-trial motions, lacked knowledge in criminal procedure in capital cases, failed to object to the testimony of hostile witnesses, inadequately cross-examined key witnesses, and allowed a hostile party to remain on the jury. The record reveals that petitioner retained two attorneys, Mr. Daniel Welsch and Mr. James Stanfield, to represent him at trial. The State Court recognized that both men were experienced in the practice of criminal law. (Record, Pre-Trial Hearings at 57, 59, 204.) Before trial, petitioner's counsel extensively, if unsuccessfully, argued a motion challenging the grand jury array. (Id. at 1–52) Subsequently, counsel successfully moved to suppress a confession obtained from petitioner (Id. at 108–99), obtained a copy of the report of the state psychiatrist (Id. at 54), and opposed the state's attempt to obtain a copy of the report of the defense psychiatrist (Id. at 86–104). In fact, just near the conclusion of this pre-trial phase, petitioner indicated that he was satisfied with the cooperation, assistance and advice rendered by counsel. (Id. at 208.)"

Under such a showing in the record it was not necessary to have any hearing, evidentiary or otherwise, on this point. See Mackey v. Oberhauser, 437 F.2d 120, 121 (9 Cir. 1971).

 (3) Wax's third point raises a new contention concerning the suppression of psychiatric reports by the State at his trial. This contention has never been raised in the State court. While prior exhaustion in the State is not a jurisdictional requirement, Baldwin v. Lewis, 442 F.2d 29, 35 (7 Cir. 1971), principles of comity followed by the federal system require exhaustion where adequate remedies are available. See 28 U.S.C. § 2254. Illinois has a most enlightened and effective post-conviction remedy statute. As we see it, neither Shelby v. Phend, 445 F.2d 1326 (7 Cir. 1971) nor United States ex rel. Wilson v. Rowe, 454 F.2d 585 (7 Cir. 1971) would obviate the requirement of exhaustion. Nor do we believe that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is apposite since Wax concedes that his counsel had knowledge of the psychiatric evidence of which he now complains. For these reasons the judgment is

Affirmed.