### UNITED STATES of America, Plaintiff-Appellee,

v.

### Manuel GARCIA, Jr. (aka Manuel Ambriz-Magana), Defendant-Appellant.

#### No. 83–5195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1984.

Decided Aug. 1, 1984.

Bruce R. Castetter, Asst. U.S. Atty., argued; Peter K. Nunez, U.S. Atty., Bruce R. Castetter, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Kenneth D. Noel, San Diego, Cal., for defendant-appellant.

Before: TANG and BOOCHEVER, Circuit Judges, and SOLOMON, Senior District Judge *.

BOOCHEVER, Circuit Judge:

Garcia appeals a conviction for falsely representing himself as a United States citizen and for illegally reentering the United States after deportation. *See* 8 U.S.C. § 1326; 18 U.S.C. § 911. Garcia contends that his rights were violated when the court issued an ex parte order for a psychiatric examination and that the government improperly subjected him to a psychiatric examination without notice and an opportunity to consult with counsel in violation of the sixth amendment. He further contends that the trial judge's voir dire with respect to his insanity defense was inadequate and that the district court erroneously refused to give a requested jury instruction concerning the elements necessary to convict for false representation of citizenship. We hold that Garcia is entitled to a new trial, based on his first two contentions.

## FACTS

Garcia was apprehended by a border patrol agent near the Mexican border in California. In response to a question by the agent, Garcia stated that he had been born in McAllen, Texas. The agent testified that in a later interrogation Garcia stated that he was a United States citizen.

After arraignment, defense counsel gave notice of Garcia's intent to rely on an insanity defense. *See* Fed.R.Crim.P. 12.2(a). The government then obtained an ex parte order from the district court for a psychiatric examination. Before any notice of the order was given to defense counsel, a psychiatrist acting on behalf of the government contacted and examined Garcia.

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting

At voir dire, the trial judge declined to ask a line of questions suggested by Garcia pertaining to the insanity defense. The judge did directly question several jurors regarding their attitude toward the insanity defense and their ability to treat it objectively, admonishing the rest of the jurors to inform the court if their answers to his questions would be substantially different.

At trial the defense presented expert testimony opining that Garcia was legally insane. The government rebutted this testimony with testimony by the psychiatrist who had examined Garcia on its behalf. The government psychiatrist based his testimony on the allegedly improper examination, bolstering his opinion that Garcia was legally sane by referring to portions of their conversation.

Prior to submission of his case to the jury, Garcia requested that the jury be instructed that he was not guilty of falsely representing himself as a United States citizen if he merely stated that he was born in Texas as opposed to making a direct claim of United States citizenship. The district court refused the proffered instruction and gave its own general instruction regarding the elements of the crime of false representation of citizenship.

## DISCUSSION

A. *Securing the Order for Mental Examination Ex Parte*

Fed.R.Crim.P. 12.2(c) provides that, "[i]n an appropriate case the court may, upon motion of the attorney for the government, order the defendant to submit to a mental examination ....." The government made an ex parte application to the district court for a mental examination, without serving the motion on Garcia. The district court ordered the examination without giving Garcia notice or an opportunity for a hearing.

Fed.R.Crim.P. 47 provides that an application to the district court for an order

by designation.

shall be by motion and that motions, other than those made during a trial or hearing, shall be in writing unless the court permits an oral motion. Written motions, other than those which may be heard ex parte, must be served on each of the parties not later than five days before hearing on the motion unless a different time is specified by rule or court order. Fed.R.Crim.P. 45(d), 49(a). For cause shown, an order may be made on ex parte application. Fed. R.Crim.P. 45(d).

■ The government failed to comply with the Rules in getting the order for a mental examination. The government did not show cause for an ex parte application, nor does it offer persuasive authority for the proposition that a motion for a mental examination may be heard ex parte. Garcia, therefore, was entitled to service of the government's motion in accordance with the Rules.

B. *The Sixth Amendment Claim*

In *Schantz v. Eyman,* 418 F.2d 11 (9th Cir.1969) *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1259, 25 L.Ed.2d 530 (1970), we considered a claim similar to Garcia's contention that he was entitled to notice and an opportunity to consult with counsel before a post-indictment examination by a government psychiatrist. There, a state-employed psychiatrist went to the defendant's home without giving prior notice and requested that the defendant submit to an examination. The defendant refused, and at trial the government argued that the refusal indicated the defendant's insanity defense was made in bad faith. We held that the defendant's sixth amendment rights had been violated, finding that substantial potential prejudice inhered from the defendant's post-indictment confrontation with the state psychiatrist without the benefit of counsel. *Id.* at 13.

Our holding in *Schantz* is supported by the Supreme Court's holding in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), where the government introduced psychiatric testimony at the sentencing phase of a bifurcated trial to estab-lish the defendant's dangerousness to society. The testimony was based on a post-indictment interview by a psychiatrist to determine the defendant's competency to stand trial. The interview was conducted without notice to the defense that the examination could encompass the issue of future dangerousness and without giving the defendant a chance for counsel's assistance in deciding whether to submit to examination. *Id.* at 470–71, 101 S.Ct. at 1876–77. The Court found that introduction of psychiatric testimony based on the interview violated the defendant's sixth amendment right to counsel. *Id.*

Similarly, in *United States v. Driscoll,* 399 F.2d 135 (2d Cir.1968), a court appointed psychiatrist examined the defendant to determine his competency to stand trial. Testimony based on the examination was introduced at trial to rebut an insanity defense. The court held that the defendant was entitled to notice that the psychiatric examination could be used to establish sanity as well as competency, in part so he could consult with counsel in order to fully and intelligently respond to questions. *Id.* at 138.

■ We hold that the sixth amendment entitles a defendant to notice and an opportunity to consult with counsel before psychiatric examination regarding sanity under rule 12.2(c). A defendant facing such an exam must make decisions with significant legal consequences and is in obvious need of counsel. *See Schantz,* 418 F.2d at 14 (Merrill, J. concurring). He may wish to refuse to submit to the government examination and risk exclusion of his own expert testimony at trial, and rely instead on lay testimony to establish insanity. *See* Fed.R. Crim.P. 12.2(d). A defendant may need advice regarding what sort of questions he should expect, the need to cooperate, and the possible ramifications of his answers. He may have legitimate fifth amendment concerns regarding use of statements made in an examination conducted under rule 12.2(c) and may well be unaware that his statements may not be admitted for the purpose of establishing any issue except

mental condition. *See* Fed.R.Crim.P. 12.-2(c); *Estelle v. Smith*, 451 U.S. at 470–71, 101 S.Ct. at 1876–77.

### C. *Voir Dire*

We review matters concerning the conduct and scope of voir dire for abuse of discretion. *United States v. Jones*, 722 F.2d 528, 529 (9th Cir.1983) (per curiam). Garcia contends that the trial court abused its discretion by failing to question jurors regarding their reaction to the recent insanity verdict in the case in which John Hinckley was tried for attempting to assassinate President Reagan, *United States v. Hinckley*, 672 F.2d 115 (D.C.Cir.1982) (per curiam), failing to ask each individual juror how he or she felt about the insanity defense and by failing to ask each juror if he or she heard all the questions posed to each other juror.

■ A trial court in its discretion may decide not to ask each individual juror detailed questions regarding a particular voir dire topic. The court may instead direct jurors to inform the court of any different responses they would have to any questions asked other jurors. *United States v. Giese*, 597 F.2d 1170, 1182 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). Thus, the district court did not abuse its discretion in using this procedure to test the jury's attitude toward the insanity defense. We find no merit to Garcia's other contentions regarding voir dire.

### D. *Jury Instructions*

■ We review jury instructions pursuant to an abuse of discretion standard. *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir.1982). Garcia contends it was error for the trial court to refuse to give a specific instruction indicating that if he merely said he was born in McAllen, Texas and not that he was a United States citizen he was not guilty of falsely representing himself as a citizen. *See Smiley v. United States*, 181 F.2d 505, 506 (9th Cir.), *cert. denied*, 340 U.S. 817, 71 S.Ct. 48, 95 L.Ed. 601 (1950) (defendant's statement he was

born in New York and lived in the United States all his life insufficient for conviction). Because the content of Garcia's statements to the border patrol agent was sharply disputed, the court should have allowed the requested instruction. Because a new trial is required, in any event, we need not determine whether the error was harmless.

Because defendant's rights were violated by the ex parte order and the psychiatric examination without notice and an opportunity to consult with counsel, we reverse and remand for a new trial.

REVERSED and REMANDED.