478 P.2d 77

**STATE of Arizona, Appellee,**
**v.**
**Michael L. BROWN, Appellant.**
**No. 2127.**

Supreme Court of Arizona,
In Division.
Dec. 24, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

David H. Lieberthal, Tucson, for appellant.

McFARLAND, Justice.

Michael L. Brown—hereinafter referred to as defendant—was tried and convicted on two counts of armed robbery and sentenced to serve not less than ten nor more than eleven years on each count, the sentences to run concurrently, in the Arizona State Penitentiary. From his conviction and sentence he appeals.

The defendant entered a bar in Tucson, Arizona, between 10:30 and 11:00 p. m., October 19, 1969. He joked and conversed with several customers—and the owner—and drank between three and eight alcoholic drinks. Shortly before 1:00 a. m. on the same night, he left the bar, but immediately returned and proceeded to hold a gun on the bartender, Vernon Hokanson, telling him to put the money from the cash register into a paper sack. He then took approximately nine dollars from a customer which constituted the second count. He told the persons in the bar to line up against the walk-in cooler in the rear of the place, after which he left the bar, and drove away. He did not attempt to hide his identity.

The only questions raised on appeal are whether the Court erred in instructing the jury concerning general intent when the crimes charged require a finding of specific intent; whether the Court erred in refusing to instruct the jury that intoxication, if believed, could negate the essential element of specific intent to steal; and whether the defendant's admission of a prior conviction caused the court to sentence him as if charged with a prior conviction when not so charged.

The defendant contends that it was error for the court to instruct on both general and specific intent. He cites as his authority People v. Butcher, 174 Cal.App.2d 722, 345 P.2d 127. In the Butcher case the defendant was charged with robbery, burglary, and rape. The court held that the failure to give an instruction on specific intent as to robbery and giving instruction as to general intent without instructing the jury that such instruction related only to the crime of rape and not to the crimes of robbery and burglary was error, but that such error, when considered with the evidence, did not warrant a reversal. The question of three different crimes—of which only a part required an instruction on specific intent—is not involved in this case. The instructions of the court were complete, and taken as a whole set forth the principles governing the instant case.

■ The court first gave a general instruction to the effect that to constitute a crime there must be a combination of an act forbidden by law and an intent to do the act. While the court instructed the jury that the intent might be inferred it went ahead and stated that in a crime of robbery a specific intent was a necessary fact to be proved in existence in the mind of the defendant to deprive the owner permanently of his property, and that unless such an intent was proven the crime was not committed. This instruction, with the general instruction as to the necessity of the intent, defined the specific intent which had to be proven. These instructions, coupled with the other instructions including the definition of robbery, adequately and correctly advised the jury of the law governing the case. State v. Hardin, 99 Ariz. 56, 406 P.2d 406. Where requested instructions are adequately covered by other instructions as in the instant case, it is not error to refuse them. State v. Michael, 103 Ariz. 46, 436 P.2d 595.

■ The defendant next contends that the court did not properly instruct the jury in regard to the defense of intoxication which if believed could negate the essential elements of specific intent. With this contention, we cannot agree. The court instructed the jury as to the effect of intoxication as set forth in § 13–132, A.R.S., as amended. This we have held is sufficient in determining whether a defendant had the capacity to form intent. State v. Saunders, 102 Ariz. 565, 435 P.2d 39.

■ Defendant also states that in the event the conviction is affirmed, the sentence should be set aside, and the defend-

ant remanded to the lower court for re-sentencing. He bases this contention on a statement of the court which indicates that the lower court may have been under the impression that the defendant was charged with a prior conviction. At the time of the sentence, the following colloquy between counsel and the court was recorded:

"MR. LIEBERTHAL: I would like to ask the Court if he would clarify something. There was some conversation with the probation officer where we talked about whether this was the first offense or second under the Statute. I would ask the Court to make a determination.

"THE COURT: I feel that under the Statute he is a second offender.

"MR. LIEBERTHAL: May I just make my record to say the defendant was never charged with armed robbery, never convicted of the crime—In this case it is the obligation of the county attorney to charge the defendant with a prior if that's what he tried to have the defendant sentenced under. Failing to do so, I feel the Court is not bound to treat this as a second offense, but a first offense.

"THE COURT: I believe that is all. Court is adjourned."

It is not plain as to whether the court understood that the defendant was not charged with a prior conviction. While the sentence was within the statutory limit without a prior conviction, the 10-year minimum is the minimum which the court could have sentenced defendant in the event he had been charged with a prior conviction. So it is not clear whether the court gave the defendant a 10-year minimum for this reason. In the case of State v. Williamson, 104 Ariz. 9, 448 P.2d 65, the defendant was charged with a prior conviction; however, the court had not followed the procedure set forth in Rule 180, Rules of Crim.Proc., 17 A.R.S. The sentence was within the statutory limits without the prior conviction. We stated:

"* * * This Court should not speculate upon the reason for the length of a sentence which is based upon a plea of guilty with a prior conviction, where Rule 180 is not complied with. * * *"

The case was remanded to the Superior Court for determination of the prior conviction, in compliance with Rule 180, supra, and then for re-sentencing.

We feel that in the instant case this Court should not speculate as to the meaning of the words used by the court in passing sentence, but should remand the defendant for re-sentencing.

The convictions are affirmed. The sentences are set aside, and the defendant remanded for re-sentencing.

UDALL and HAYS, JJ., concur.