494 P.2d 368

**STATE of Arizona, Appellee,**

v.

**Edward Lee MAYS, Appellant.**

No. 1903-2.

Supreme Court of Arizona,
In Division.

March 1, 1972.

Gary K. Nelson, Atty. Gen., Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

In 1968, Edward Lee Mays was convicted by a jury of robbery (Count 1), burglary (Count 2), and assault with a deadly weapon (Count 3), with prior convictions. He was sentenced as follows:

"as to Count 1 for not less than twenty-five (25) years nor more than thirty (30) years; as to Count 2 for not less than ten (10) years nor more than fifteen (15) years; and as to Count 3 ten (10) years, the sentence on Counts 2 and 3 to be served concurrently with the sentence on Count 1, and that all sentences herein be served concurrently with the sentence heretofore adjudged in Cause Nos. 52127 and 53187, Maricopa County.

"FURTHER ORDERED that the sentence date from October 10, 1967."

On his original appeal Mays urged that the sentences on Count 3 violated the requirement of § 13-1643 that both a minimum and a maximum term be fixed for any felony other than first degree murder. We remanded the case to the Superior Court of Maricopa County "for the sole purpose of resentencing on the conviction of assault with a deadly weapon, with directions that the trial court fix both a minimum and a maximum term of imprisonment." State v. Mays, 105 Ariz. 47, 49, 459 P.2d 307, 309, supplemented at 105 Ariz. 242, 462 P.2d 791 (1969).

The transcript of February 10, 1970 reveals that on that day, the trial court resentenced Mays to imprisonment for "not less than 10 nor more than 15 years, said sentence as to Count Three [assault with a deadly weapon] to be served concurrently with the sentence on Count One [robbery] and said sentence to date from October 10, 1967." At the time the resentence was pronounced, defense counsel objected, unsuccessfully, that the length of

the prison term ordered in the re-sentence could not exceed the term imposed under the original sentence for the assault with a deadly weapon count.

Mays appeals from the re-sentence, raising the following questions:

"1. May the court impose a maximum of 15 years when the original sentence imposed was a flat term of 10 years?

"2. Is a re-sentence which fixed the same commencement date of the new sentence as that fixed for the prior sentence, defective when it does not allow for good behavior credits earned by defendant under A.R.S. §§ 13–251 and 252?"

Mays also urges that we reconsider his conviction of Count 3 in the light of our decision in State v. Mendoza, 107 Ariz. 51, 481 P.2d 844 (1971) regarding the interpretation of A.R.S. § 13–1641, prohibiting double punishment.

In the original appeal of *Mays, supra,* we relied on State v. Enriquez, 104 Ariz. 16, 448 P.2d 72 (1969). *Mendoza* overruled *Enriquez* with regard to the test to be applied in determining whether sentencing on conviction of two or more charges arising out of the same act violated the terms of § 13–1641. In *Mendoza,* we held that the practical test was to eliminate the elements contained in one charge, and to determine whether the facts left would support the other charge.

The facts developed in Mays' trial show that the element of fear necessary for conviction of robbery was the act of striking of the victim with a tire iron. The same act was a necessary element to constitute assault with a deadly weapon. The facts here therefore will not support conviction of both crimes charged. The conviction and sentences on Count 3 are therefore set aside.

In view of the foregoing, we need not discuss the other questions raised by defendant. His sentence of 25 to 30 years on the robbery charge exceeds any time which would be served under Count 3, and therefore he will have full benefit of allowances for time served.

Conviction and sentences on Count 3 reversed and set aside.

CAMERON, V. C. J., and STRUCKMEYER, J., concur.