516 P.2d 575

**STATE of Arizona, Appellee,**

**v.**

**Mitchell Thomas BLAZAK, Appellant.**

**No. 1976–2.**

Supreme Court of Arizona,
In Division.
Dec. 6, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, James P. F. Egbert, Third Year Law Student, for appellee.

O'Dowd, Fahringer & Diamos, by Clay G. Diamos, Tucson, for appellant.

STRUCKMEYER, Justice.

Defendant, Mitchell Thomas Blazak, was convicted of robbery, a violation of A.R.S. § 13-641, and assault to commit murder, a violation of A.R.S. § 13-248, in the Superior Court of Pima County, Arizona, and appeals.

The facts necessary for the determination of the appeal show that on June 14, 1967, after defendant had been arrested and arraigned in the Superior Court, a Rule 250 hearing was held, Rules of Criminal Procedure, 17 A.R.S., in which it was determined he was so mentally incapacitated as to be unable to assist in his defense. He was, accordingly, committed to the Arizona State Hospital for treatment.

On April 24, 1968, after defendant's release from the State Hospital, seemingly a written motion was filed by his then counsel waiving a further hearing as to defendant's competency, and on July 9, 1968, he entered guilty pleas to the commission of the offenses with which he was charged. Defendant was tried to the court without a jury solely on the issue of his sanity as it existed at the time the crimes were committed.

The trial judge, in the belief that A.R.S. § 13-1621.01 placed the burden of establishing proof of insanity upon the defendant, found him sane. We reversed. State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969). In reversing, we held that under the provisions of the statute A.R.S. § 13-1621, after the defendant's return from a commitment to the State Hospital it was mandatory for the court to hold a hearing to determine his capacity to stand trial and that it was error for the court to permit a waiver of the hearing.

On remand to the lower court, a date was set for the defendant's re-trial on the question of his sanity at the time of commission of the offenses, and in preparation therefor the Superior Court ordered a hearing to determine if he was presently able to understand the charges against him and to assist counsel in his defense. Because defendant's present counsel moved to have the pleas of guilty to the commission of the offenses withdrawn, the court further ordered that the hearing also be held to determine the defendant's capacity to understand the nature of the charges and assist in his defense prior to the entrance of pleas of guilty.

On March 30, 1970, the court found beyond a reasonable doubt that the defendant was able to understand the nature of the charges against him and able to assist counsel in his defense. It further found that beyond a reasonable doubt on April 24, 1968, the defendant was also able to understand the nature of the charges against him and to assist counsel in his defense. The court then denied the defendant's motion to withdraw his guilty pleas and ordered a jury trial limited solely to the issue of defendant's sanity at the time of the commission of the offenses. On June 16, the jury found the defendant sane, and the defendant was duly thereafter sentenced. From that sentence and the judgment of conviction, Blazak has perfected this second appeal.

He presents two questions for our determination.

 The first is whether the trial court erred in refusing to permit him to withdraw his pleas of guilty, thereby confining the trial to the single issue of defendant's sanity at the time of the commission of the

offenses. It is defendant's position that the trial court's determination that he was sane when he entered his pleas of guilty was error. Defendant relies on the statute A.R.S. § 13–1621 et seq., which makes a second hearing to determine a defendant's ability to assist in his defense mandatory after his return from the State Hospital. He argues that the proceedings after his return to the Superior Court and before such a determination is made, such as the pleas of guilty, are invalid. The essence of defendant's argument, as we understand it, is that the failure to make the determination required by law necessarily voids all subsequent proceedings. But we do not think so.

We think this case is controlled by our decision in State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967). There, after Bradley's return from the State Hospital, the trial judge denied a motion by defendant's counsel for a second hearing to determine defendant's ability to assist in his defense. While we found that the weight of authority holds that it is not always necessary to have a second hearing, we also held:

"The prior adjudication of mental incompetency gives rise to a rebuttable presumption of continued incompetency." State v. Bradley, *supra*, at 487, 433 P.2d at 278.

We concluded that if the circumstances before the court raise substantial doubts of competency, a hearing should be held and a determination thereof made.

It is to be noted that State v. Bradley was a case prior to the passage by the Legislature of § 13–1621. But we do not believe that the mandatory nature of the legislative language requiring a second hearing necessarily compels the conclusion that the omission of such a hearing constitutes prejudicial error. Concededly, on direct attack by appeal subsequent proceedings will be held invalid and set aside. But the failure to hold a second hearing to test the defendant's competency does not by that fact alone automatically void all the subsequent proceedings in the case.

The effect of the prior adjudication of mental incompetency which gives rise to a rebuttable presumption of continued incompetency only makes the subsequent proceedings voidable.

In defendant's first appeal, 105 Ariz. 216, 462 P.2d 84 (1969), we held that the court erred in failing to hold a hearing on the issue of defendant's sanity. We did not, however, hold that it was prejudicial error. Unless it can be said that a defendant was prejudiced by the failure of the court to hold a hearing and to make a formal determination of competency, we will not hold that all subsequent proceedings are void so as to necessitate their being set aside.

Since we have concluded that defendant's pleas of guilty are not necessarily void, it follows that the trial court had the power to hold a hearing to determine retrospectively whether defendant was on April 24, 1968, when he waived further sanity proceedings, competent to plead guilty—that is to say, that defendant's pleas were intelligently, knowingly and voluntarily made.

■ The difficulties of retrospectively determining an accused's competency to stand trial were emphasized in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L. Ed.2d 815 (1966). It was there thought that a meaningful hearing could not be held on the question of defendant's sanity at the then late date of the decision of the court. However, the evidence at Blazak's hearing established that the two doctors who testified to his mental competency as of April, 1968, did so principally from their personal recollection of his condition at that time. We do not, therefore, think that defendant was denied due process by the trial court's determination.

■ Defendant, for his second question on appeal, contends that he was improperly sentenced in violation of A.R.S. § 13–1641:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more

than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Defendant claims that his act of striking the victim and taking his wallet satisfies the elements of both robbery and assault with intent to commit murder, and, therefore, can subject him to punishment for only one of the offenses.

In State v. Mays, 108 Ariz. 172, 494 P.2d 368 (1972), the defendant was convicted of robbery and assault with a deadly weapon by striking his victim with a tire iron. The court applied a test whereby it eliminated the elements of the single transaction which were contained in the robbery charge and then determined whether the facts left would support the other charge of assault with a deadly weapon. The court found that the facts would not support convictions for both crimes. The defendant urges that his case is on all fours with the facts in State v. Mays, *supra*. We do not agree.

In *Mays*, there was only one beating and a subsequent theft, while in this case, defendant's counsel admits in his brief that defendant beat the victim, took his wallet, left him and then returned to beat him again. The elements necessary for robbery and assault with intent to commit murder are both present in the first beating. But the second beating was not necessary to further the robbery; rather, it was a separate assault which the jury could have found was an assault with intent to commit murder.

That defendant may have intended to commit murder throughout the entire time of the beatings is not dispositive of this issue. If we consider that the first beating cannot, itself, support convictions for both offenses, which we do not, the second beating can alone support the conviction for assault with intent to commit murder. The elements of robbery, having been established prior to the second beating, we find no reason why these essentially separate events cannot support separate sentences.

We, therefore, hold that A.R.S. § 13–1641 is not applicable.

The judgment of the trial court is affirmed.

HAYS, C. J., and HOLOHAN, J., concur.