543 P.2d 1113

**STATE of Arizona, Appellee,**

v.

**Richard Lee SISK, Appellant.**

**No. 3101.**

Supreme Court of Arizona,
En Banc.

Dec. 19, 1975.

Rehearing Denied Jan. 20, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

Richard Sisk was found guilty of first degree murder by the court sitting without a jury. He was sentenced to life imprisonment without the possibility of parole for 25 years. He appeals and we have jurisdiction pursuant to Article 2, § 24 and Article 6, § 5 of the Arizona Constitution and A.R.S. § 12–120.21.

Sisk raised insanity and self-defense as his defenses to the homicide. The fact that he shot the victim was not in dispute. His first contention on appeal is that it was error for the trial judge to have found Sisk guilty because the state did not support its burden of proving the appellant sane beyond a reasonable doubt.

A defendant is presumed to be sane. *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967). When insanity is presented as a legitimate issue, however, it becomes the state's burden to prove the sanity of the defendant beyond a reasonable doubt. *State v. Ganster, supra.*

In this state, insanity is defined according to the standards of the M'Naghten Rule. *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965). To be considered insane and thereby to be relieved of criminal responsibility, the defendant must not have known the nature and quality of his act, or if he did know, he must not have appreciated that it was wrong. *State v. Schantz, supra.* The defect must be one of perception or cognition and not one in the volitional processes. *State v. Schantz, supra.* It does not concern itself with the emotional state of the defendant. *State v. Everett*, 110 Ariz. 429, 520 P.2d 301 (1974). We express our continued adherence to the M'Naghten Rule not only in the light of past authority but because we have not yet found a rule that is as practical. Psychiatry remains a valuable but inexact attempt at understanding the complexities of the human mind. The law has not yet been able to develop a perfect and workable standard by which legal responsibility can be determined. *State v. Cano*, 103 Ariz. 37, 436 P.2d 586 (1968).

The many doctors that examined Sisk reached differing and sometimes completely inconsistent analyses of the appellant. In the abstract, Sisk clearly knew that killing another not in self-defense was wrong. As applied, after the crime, he felt as if he acted in self-defense although his recollection differed from that of every other witness to the death. Sisk was thought to be sane by some doctors, sociopath (anti-social personality) by others, delusional and hysterical by still others. Not all of the examiners knew of any other version of the event but that of Sisk. The judge conducted all of the proceedings with care, hearing extensive psychiatric testimony, and reading all of the psychological and psychiatric reports which were in evidence.

The issue of criminal responsibility is a fact question for the trier of fact. *State v. Corley*, 108 Ariz. 240, 495 P.2d 470 (1972). The credibility of the expert witnesses and the weight to be given expert testimony is also a question for the determination of the trier of fact. *State v. Moore*, 111 Ariz. 496, 533 P.2d 663 (1975); *State v. Ganster, supra.* Expert testimony

is evidence to be considered together with all of the facts and circumstances of the case, but the trier of fact remains free to make an independent analysis of the facts upon which the opinions of the experts rest. *State v. Cano, supra.* This court will uphold the verdict when sufficient evidence has been presented to support a theory of the case establishing the defendant's sanity beyond a reasonable doubt. *State v. Cano, supra.*

In making a motion for a new trial after the judgment of guilt had been rendered, Sisk presented additional psychiatric evidence tending to prove his insanity. He sought to vacate the judgment on the basis of newly discovered evidence. Rule 24.2, R. 32.1 Rules of Criminal Procedure. This evidence was cumulative, however, and would only have necessitated a new trial if its weight would have changed the verdict in all probability. Rule 32.1, Rules of Criminal Procedure; *State v. Turner,* 92 Ariz. 214, 375 P.2d 567 (1962).

■■ Granting or denying a new trial is within the discretion of the trial judge and not a basis to reverse the conviction unless an abuse of that discretion affirmatively appears. *State v. Turner, supra.* The new evidence was reviewed by the same judge that found Sisk sane. He did not abuse his discretion in denying the motion and the decision remained supported by proof beyond a reasonable doubt.

■ The appellant argues that even if he was properly found to be sane, it was error to have found him guilty of first degree murder. To sustain this conviction, all the elements of the crime must have been proven beyond a reasonable doubt: malice, the intent to kill, deliberation, and premeditation. *State v. Moore,* 109 Ariz. 111, 506 P.2d 242 (1973). The use of a deadly weapon is itself sufficient evidence of malice. *State v. Moore, supra.* The appellant does not quarrel with that point

but argues that there was insufficient evidence that the homicide was willful, deliberate and premeditated. No appreciable period of time must elapse between the formation of the intent to kill and the act; they may be as instantaneous as successive thoughts of mind. *State v. Moore, supra.*

■ Considering the evidence in the light most favorable to the verdict, Sisk had made threats about the victim before the incident and that night entered a friend's house carrying a loaded 9 mm. semiautomatic gun. The victim was shot nine times, several of the bullets fired into his back, and was severely kicked about the face and ribs. There was sufficient evidence to support a finding of a willful, deliberate and premeditated homicide.

■ Finally, the appellant raises the issue that the sentence imposed was cruel and unusual punishment contrary to the Eighth and Fourteenth Amendments. The sentence was required by statute once the trial judge determined that Sisk was guilty of murder in the first degree. The trial judge expressed his dissatisfaction with the sentence as too harsh and inappropriate to the circumstances and needs of a mentally unstable man, but had no discretion in the sentencing. We have held that if the punishment is "approximately proportionate" to the crime and "not so severe as to shock the moral sense of the community," the extent of the punishment is within the discretion of the legislature. *State v. Taylor,* 82 Ariz. 289, 294, 312 P.2d 162, 166 (1957). This statute has been previously upheld. *State v. Parle,* 110 Ariz. 517, 521 P.2d 604 (1974).

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.