546 P.2d 1130

**STATE of Arizona, Appellee,**

v.

**Floyd Arthur NOBLE, Appellant.**

**No. 3067.**

Supreme Court of Arizona,
En Banc.

March 9, 1976.

Bruce E. Babbitt, Atty. Gen., by Albert Morgan and Paul S. Harter, Asst. Attys. Gen., Phoenix, for appellee.

Cavness & DeRose by Marc C. Cavness, Phoenix, for appellant.

HAYS, Justice.

On April 30, 1974 a jury returned a verdict finding the defendant guilty of voluntary manslaughter. Thereafter, he was sentenced to serve not less than six nor more than ten years in the Arizona State Prison. We have jurisdiction by reason of the fact that the Laws 1974, ch. 7, § 2, had not gone into effect. *See* A.R.S. § 12–120.21.

After defendant's notice of appeal was filed, there were numerous continuances occasioned by the fact that the notes for one of the transcripts of record were missing and could not be transcribed. This portion of the record was for the morning of April 29, 1974 and included the testimony of the defendant. Finally, the defendant filed in this court a motion to suspend appeal and the motion was granted. The case was remanded to the trial court to determine if the missing transcript could be prepared or in the alternative, to proceed in accordance with Rule 31.8(f), Rules of Criminal Procedure.

On September 10, 1975 the following order was signed by the trial judge:

"The Appellant-Defendant, FLOYD ARTHUR NOBLE, not having filed a statement of evidence or proceedings pursuant to Rule 31.8, Rules of Criminal Procedure, and the Appellant-Defendant not having filed objections to the statement submitted by the State of Arizona;

"IT IS HEREBY ORDERED approving the statement submitted by the State of Arizona on August 14, 1975 as a summary of the testimony of Floyd Arthur Noble;

"IT IS FURTHER ORDERED that the statement be forthwith transmitted to the Clerk of the Supreme Court pursuant to Rule 31.9."

■ One of the issues rasied by defendant on appeal is the effect the missing transcript should have on the validity of the proceedings. Besides questioning the applicability of Rule 31.8, defendant ignores the fact that he failed to make any attempt to reconstruct the record himself, nor did he object to the summary proposed by the state and later adopted by the court. The defendant, as evidenced by the trial court's order, *supra*, waived his right to object to the record as it now stands. *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975). The defendant has pointed to nothing missing from the reconstructed record which prejudices him or affects his appeal.

■ Defendant asserts that the verdict is not supported by the evidence and is contrary to law. A reading of the transcript of record indicates that defendant who was charged with killing his wife, confessed to the killing and led officers to her body which was concealed in a drum that had been sealed and placed in the heating-cooling duct of an addition being built on the defendant's house. There is testimony of marital discord between defendant and the victim. The principal defense asserted by the defendant was insanity. Expert witnesses gave testimony on both sides of this issue and the determination was one strictly for the trier of fact. We find that the verdict is supported by the evidence and is not contrary to law.

■ As a third issue on appeal, the defendant contends that the trial court erred in submitting the case to the jury on both second degree murder and involuntary manslaughter. He asserts that there is no evidence to support second degree murder and that the double submission invited a compromise verdict. We do not agree.

Although defendant's statement and testimony indicate that he strangled his wife after she kicked him between the legs. There is testimony which relates weeks of arguing and dissention, and in his statement defendant describes a brutal beating with much blood strewn about. The defendant's girl friend testified that on the day of the killing, defendant indicated that he and his wife were meeting at a lawyer's office to sign a property settlement agreement. The next day after the killing, the defendant spent most of the day with the

friend, manifesting no signs of remorse or anxiety; he appeared and acted normal. In the framework of A.R.S. § 13–451, we find no error. The statute reads:

"A. Murder is the unlawful killing of a human being with malice aforethought.

"B. Malice aforethought may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned and malignant heart."

The fourth issue presented by defendant concerns the instructions given to the jury. Defendant's main defense was insanity and he attempted to get the trial court to enlarge upon the M'Naghten Rule and adopt the Model Penal Code position as approved in *Wade v. United States*, 426 F.2d 64 (9 Cir. 1970). We have declined in the past to change our adherence to the M'Naghten Rule and we continue to do so. *State v. Sisk*, 112 Ariz. 484, 543 P.2d 1113 (1975)

After examining the instructions on insanity given to the jury by the court, we conclude that the jury was properly instructed in that regard. *See State v. Eisenstein*, 72 Ariz. 320, 235 P.2d 1011 (1951); *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965); *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967); and *State v. Daniels*, 106 Ariz. 497, 478 P.2d 522 (1970).

An additional point made by defendant regarding the trial court's instructions relates to the court's preface to the instruction on expert witnesses. He is precluded from raising this issue because he did not object at the time the instruction or preface thereto was given. Rule 272 of the 1956 Rules of Criminal Procedure provides for the application of Rule 51(a), Rules of Civil Procedure, 16 A.R.S., which requires a party to object to an instruction before the jury retires in order to preserve his right to claim error on appeal.

The final point raised by the defendant is an assertion that the calling of three rebuttal witnesses by the state was error and prejudiced the defendant. We do not find that the trial court abused its discretion here. *State v. Kuhnley*, 74 Ariz. 10, 242 P.2d 843 (1952). In the instances where the witness' testimony was improper, the court admonished the jury to disregard the testimony and ordered it stricken. Prejudice to the defendant was not apparent.

Judgment of conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.