557 P.2d 160

**STATE of Arizona, Appellee,**

v.

**James Aldon TUCKER, Appellant.**

**No. 3615.**

Supreme Court of Arizona,
En Banc.

Nov. 12, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On July 9, 1975 the appellant, James A. Tucker, was found guilty by a jury of two counts of assault by means likely to inflict great bodily injury. He was sentenced to ten years probation, a condition of which requires him to serve six months in the county jail. The appellant has appealed from this conviction and sentence. We have jurisdiction of this matter pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The facts are as follows. On the night of November 12, 1974 the Phoenix Police Department received a complaint about shots being fired and threats being made in the vicinity of North 24th Avenue. Upon investigating, the police were given the appellant's name, description, a description of the vehicle and vehicle license plate number. It was determined, based on interviews at the scene, that the appellant had possibly consumed a considerable amount of alcohol and Valium. Several hours thereafter and shortly after midnight, on November 13, 1974, police officers observed the appellant driving in his vehicle in northwest Phoenix. Other officers were advised by radio, and several Phoenix police officers took up in immediate pursuit of Mr. Tucker's vehicle. The chase continued for somewhere around three miles and at speeds approximating 50 miles per hour. At one point during the course of the chase, as Officer Lapan's car was approaching the appellant's car in the oncoming lane, the appellant swerved his car into the oncoming lane and then back to his own lane, narrowly missing the officer's car and forcing him to veer off the road and onto the adjoining lawn in order to avoid a head-on collision. Later Officer Reger forced the appellant into a cul-de-sac on North 20th Drive. Officer Reger pulled up behind the appellant's car, whereupon the appellant, having put his car into reverse, rammed his vehicle into the front of the officer's car. When he was finally arrested, the appellant was in possession of a Colt .45 gun located in a holster under his left arm.

In addition to the two counts of assault with means likely to inflict great bodily injury, the appellant was charged with and convicted, on January 7, 1975, of reckless driving based on the aforementioned conduct of November 13, 1974.

Three questions are presented for review:

1) Was the appellant twice given punishment for the same specific acts?

2) Did the trial court improperly fail to instruct the jury on the evidence of the appellant's usage of phenobarbital and Valium?

3) Was the jury's verdict contrary to the weight of the evidence?

## DOUBLE PUNISHMENT

Although the appellant refers to double jeopardy in his brief, it is obvious from his argument and supporting cases that his first contention concerns only a violation of A.R.S. § 13-1641 which, in essence, proscribes the imposition of double punishment for the same conduct. We therefore will consider only the double punishment issue.

Section 13-1641 reads:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The appellant argues that having been charged, convicted and sentenced for the offense of reckless driving, he cannot now be convicted and punished for the crime of assault by means likely to produce great bodily injury based on the same factual circumstance of November 13, 1974.

The test to be applied when it is alleged that certain conduct has given rise to two criminal prosecutions and punishments was

set forth by this court in *State v. Mitchell*, 106 Ariz. 492, 478 P.2d 517 (1970), as follows:

> "The practical test is to eliminate the elements of one charge and determine whether the facts left would support the other charge." 106 Ariz. at 495, 478 P. 2d at 520. *See also State v. Lippi*, 108 Ariz. 342, 498 P.2d 209 (1972); *State v. Mays*, 108 Ariz. 172, 494 P.2d 368 (1972); *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971).

The first count of assault by means likely to cause great bodily injury was clearly based on the appellant's act of veering his car into the oncoming lane of Officer Lapan, thereby forcing him off the road. The second count was based on the appellant's ramming of his automobile into Officer Reger's police car in the cul-de-sac. Applying the test of *Mitchell*, if we eliminate these specific acts of the appellant, which essentially support the elements of the two counts of assault, it is obvious that there remain sufficient facts upon which to support the charge of reckless driving. The chase continued for somewhere around three miles with the appellant driving well over the speed limit on repeated occasions; he took corners at speeds estimated at 35 and 40 miles per hour, skidding and fishtailing in the process; and he ran red lights and stop signs. Clearly, there were sufficient facts still remaining upon which to find that the appellant had driven recklessly and "in wilful or wanton disregard for the safety of persons or property." A.R.S. § 28–693.

## JURY INSTRUCTION

Appellant next contends that the trial court improperly failed to instruct the jury on how they should treat the evidence of the appellant's usage of Valium and phenobarbital, particularly as it concerns the appellant's ability to form a specific intent while under the influence of those drugs. We disagree.

The trial court instructed the jury on the effect of intoxication as set forth in A.R. S. § 13–132. This court has previously held that an instruction pursuant to that section of the criminal code is sufficient concerning the effect that intoxication has on the ability of a defendant to form a specific intent. *State v. Brown*, 106 Ariz. 453, 478 P.2d 77 (1970); *State v. Saunders*, 102 Ariz. 565, 435 P.2d 39 (1967). Here, the trial court's instruction given pursuant to § 13–132 was adequate and we hold that there was no error.

## VERDICT CONTRARY TO EVIDENCE

It is appellant's final contention that the verdict of guilt returned by the jury was contrary to the evidence. More particularly, the appellant's challenge is concerned with the issue of specific intent, the appellant contending that since expert testimony showed that the appellant was incapable of forming the requisite specific intent, the verdicts may not stand. Dr. Bendheim, who conducted a psychiatric examination of the appellant, testified that the appellant was unable to function intelligently and reasonably and that, in his opinion, the appellant did not have the mental capacity to form the intent to act as he did. Dr. Bendheim was the only expert to testify and his testimony was based on the appellant's statements as to the amount of drugs consumed on the night in question.

The credibility of witnesses and the weight to be given to their testimony, whether the witness be lay or expert, is a question for the determination of the jury. *State v. Sisk*, 112 Ariz. 484, 543 P.2d 1113 (1975); *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975). Expert testimony is evidence that is to be considered along with all of the other evidence presented in the case. *State v. Sisk, supra*. When considering whether a verdict is contrary to the evidence, an appellate court does not consider whether it would reach the same conclusion as the jury but whether there was a complete absence of probative facts to support their conclusion. *State v. Barnett*, 112 Ariz. 210, 540 P.2d 682 (1975); *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965).

478

In the instant case, Officer Reger testified that the appellant "understood where he was" and that the appellant was in control of his vehicle during the course of the high speed chase. Officer Lapan also testified that appellant "knew where he was" and that the appellant was in control throughout the chase. Officer Lapan further testified that he checked the appellant's eyes immediately after the chase to try to detect intoxication and he was of the opinion, based on the appellant's normal pupillary response, that the appellant was not intoxicated. Based on a careful review of the record and on the testimony of Officers Reger and Lapan, we hold that there was sufficient evidence upon which the jury could find the necessary specific intent.

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.