565 P.2d 1282

**STATE of Arizona, Petitioner,**

v.

**Hon. Jack T. ARNOLD, Judge of Pima County Superior Court, Division XV, Respondent,**

and

**Richard Darnell GRANT, Real Party in Interest.**

**No. 13097–PR.**

Supreme Court of Arizona, En Banc.

June 8, 1977.

Stephen D. Neely, Pima County Atty., by Richard Louis Strohm, Deputy County Atty., Tucson, for petitioner.

Sharp, Sando, Alfred & Hardy by John M. Sando, Tucson, for respondent.

HAYS, Justice.

Defendant Richard Grant was charged with a number of crimes on the felony and misdemeanor levels when police found him in possession of a CB radio which had been reported stolen from a locked pickup truck earlier that same evening. He entered a plea agreement with the city prosecutor and pled no contest to a petty theft, in exchange for dismissal of other charges pending in city court.

Shortly thereafter, defendant Grant appeared in Superior Court for trial on felony charges arising out of this same incident, one of which was burglary. The Superior Court judge dismissed the burglary, on defendant's motion, based on the belief that to try defendant for the burglary after he'd pled guilty to the petty theft in city court would violate defendant's right to be free from double jeopardy and double punishment.

The state challenged the trial judge's decision, but the Court of Appeals refused to take jurisdiction of its petition for special action. We granted a petition for review.

In order to determine both the double jeopardy and double punishment issues, we must briefly set forth the elements of petty theft and burglary as they apply to the facts of this particular case.

Petty theft consists of the taking of personal property, with a value of less than $100, from another, with the intent to permanently deprive the other thereof. A.R.S. §§ 13–661 and 13–663. Burglary, as it applies in this case, is the entering of a motor vehicle with the intent to commit petty theft. A.R.S. § 13–302.

## DOUBLE JEOPARDY

Where a defendant is convicted of or acquitted of a particular crime, the prohibition of double jeopardy protects that defendant from further prosecution for the same crime or any lesser included offense. State v. Bollander, 112 Ariz. 35, 537 P.2d 22 (1975); A.R.S. § 13–145.

Clearly, from the elements first set out, petty theft and burglary are not the same crime; nor is one a lesser included offense of the other, as either can be committed without necessarily committing the other. State v. Butrick, 113 Ariz. 563, 558 P.2d 908 (1976).

Therefore, prosecuting defendant for both would not submit him to double jeop-

ardy, and the trial court was erroneous in thinking it might.*

### DOUBLE PUNISHMENT

A.R.S. § 13–1641 reads:

"*An act or omission* which is made punishable in different ways by different sections of the law may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for *the same act or omission* under any other." (emphasis added).

This section becomes applicable when a single act violates more than one statute. *State v. Mitchell*, 106 Ariz. 492, 478 P.2d 517 (1970). Another way of expressing this would be to say that where one single act of the accused encompasses the elements of more than one crime, § 13–1641 prevents the state from sentencing him for more than one crime. *See, e. g., State v. French,* 104 Ariz. 359, 453 P.2d 505 (1969); *State v. Mays,* 108 Ariz. 172, 494 P.2d 368 (1972). This is where the "identical components" test of *State v. Mitchell, supra,* comes from. That test says we must apply the facts of the case to the elements of one charge and then determine whether there are sufficient facts remaining to support the elements of a second charge. *State v. Tucker,* 113 Ariz. 475, 557 P.2d 160 (1976); *State v. Mitchell, supra.* The result will be that when there are *separate* acts which support elements of different crimes, there is no violation of § 13–1641. The test merely determines whether there is one act which will only support the charge of one crime, or several acts which will support the elements of several crimes. Where separate acts give rise to separate crimes, there is no violation of § 13–1641. *State v. Boag,* 104 Ariz. 362, 453 P.2d 508 (1969).

Looking at the facts of this case and the elements of the crime in question, it is clear that a plea of guilty to petty theft does not bar the state from prosecuting for burglary. The elements of those crimes are not even similar. It is equally clear that if the state can prove the defendant performed acts which resulted in the elements of a completed burglary, they will not be the same acts which resulted in the petty theft. Defendant has admitted he took the CB radio from another with the intent to deprive the other thereof. That should not deprive the state of the opportunity to prove defendant entered the motor vehicle (from which the CB was stolen) with the intent to commit petty theft. They are separate acts, designated by the legislature as separate crimes.

It has long been the rule in Arizona that one may be convicted of both burglary and theft arising out of the same incident. We establish no new law herein. *State v. Hutton,* 87 Ariz. 176, 349 P.2d 187 (1960). We hope we have clarified, however, the general rules concerning A.R.S. § 13–1641 for the parties involved.

We wish to clear up one last issue argued in the memorandum of the real party in interest. He is under the misapprehension that the same "proof" cannot be used to convict a defendant of two crimes. That is not correct. Using the same evidence to convict a defendant of two different crimes is not violative of § 13–1641. That was established in *State v. Westbrook,* 79 Ariz. 116, 285 P.2d 161 (1954).

It follows that the trial court erred in dismissing the burglary charge against defendant. The dismissal of the burglary charge is set aside and the case is remanded for trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

* We are aware of the United States Supreme Court decision in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and find it easily distinguishable from this case. The question before that Court was whether a municipal and state court within one state could try a defendant for the *same* crime based on the "separate sovereign entities" theory. It was established, for purposes of that appeal, that the defendant therein had already been tried in a municipal court for violations of lesser included offenses of the felony pending against him in the state court.